IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EVE GREENBERG-GREENE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:14-cv-02290 |
| NASHVILLE MTA, et al., | ) ) Judge Trauger |
| Defendants. | ) ) |

## MEMORANDUM OPINION

Plaintiff Eve Greenberg-Greene, proceeding *pro se*, has filed a civil complaint against defendants Nashville MTA, Charles Mitchell, Steven Bland, a Jane Doe bus driver and 10 John Does, alleging violation of the Civil Rights Act of 1964. Because the plaintiff proceeds *in forma pauperis*, the complaint is before the court for an initial review pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth herein, the complaint must be dismissed for failure to state a claim for which relief may be granted.

### I. FACTUAL ALLEGATIONS

The plaintiff alleges that on November 17, 2014, she was unlawfully detained and threatened due to her efforts to document a pattern of unspecified misconduct by MTA drivers. Specifically, she alleges that Jane Doe driver made unspecified false statements against her, and caused an "association" of Jane Doe to threaten her and state that he "especially hate[s] all white people like you with big noses." She further alleges that Jane Doe's supervisors and security personnel repeatedly grabbed her arm and detained her for some unspecified length of time in the Music City Central bus station, and that MTA's Director of Operation Charles Mitchell and CEO Steven Bland have willfully and negligently failed to take appropriate actions since the November 17 incident. Consequently, she alleges that Jane Doe driver was allowed to violate her constitutional rights "again" on November 20, 2014. The plaintiff does not allege any facts concerning that alleged violation.

The plaintiff claims that the alleged facts constitute a violation of 18 U.S.C. § 245(b)(2), and seeks establishment of an "independent investigative entity" to prevent future violations and $5 million in compensatory and punitive damages.

## II. STANDARD OF REVIEW

If an action is filed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her").

## III. DISCUSSION

By any standard, the complaint in this case fails to state a claim for relief. 18 U.S.C. § 245, the statute under which the plaintiff brings suit, is a criminal statute providing for fines and/or imprisonment of

individuals found guilty of certain civil rights violations, and does not provide a private cause of action for aggrieved citizens. *Mendia v. City of Wellington*, 432 F. App'x 796, 798 (10th Cir. 2011); *Cordell v. Town of Signal Mountain*, No. 1:13-CV-137, 2014 WL 5704662, at *4 (E.D. Tenn. Nov. 5, 2014). Accordingly, the plaintiff lacks statutory standing to bring this action, and her complaint must be dismissed for failure to state a claim upon which relief can be granted. *See Roberts v. Hamer*, 655 F.3d 578, 581 (6th Cir. 2011) ("Where a plaintiff lacks statutory standing to sue, her claim should be dismissed for failure to state a claim upon which relief can be granted, not for lack of subject-matter jurisdiction.").

The plaintiff's claim for alleged violation of her civil rights could only be brought under 42 U.S.C. § 1983, which is subject to its own pleading requirements and standards for liability – particularly supervisory liability – that the plaintiff has made no effort to address in her complaint. Because the court is not obligated to create a cognizable claim for the plaintiff, and she is not authorized to bring suit under § 245, her complaint will be dismissed.

## IV. CONCLUSION

For the reasons set forth above, this action will be dismissed for failure to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate order is filed herewith.

_____
Aleta A. Trauger
United States District Judge